**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
ORLANDO DIVISION

CARA WEBSTER,

     Plaintiff,

                                          Case No.:

v.

AETNA LIFE INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Cara Webster, by and through undersigned counsel hereby files her Complaint against Defendant, Aetna Life Insurance Company, and says:

### I.  JURISDICTION AND VENUE

1.      Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.      Plaintiff, Cara Webster ("Ms. Webster"), is a resident of Brevard County and was at all times relevant a participant of the long-term disability policy ("long-term disability policy") at issue. Defendant, Aetna Life Insurance Company (hereinafter "Aetna" or "Defendant"), is the insurer and claims administrator of the long-term disability policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

### III.   FACTS

3.        At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4.        At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5.        Ms. Webster was employed with Lenardo DRS, Inc. as a Contract Administrator III. By virtue of her employment at Lenardo DRS, Inc., Ms. Webster was an eligible participant of the long-term disability policy at all times material to this action.

6.        The purpose of the long-term disability policy was to provide Ms. Webster a monthly benefit in the event that she became disabled ("long-term disability benefits").

7.        The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

*"Test of Disability"*
*From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:*

- *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and*
- *Your work earnings are 80% or less of your adjusted predisability earnings.*

*After the first 24 month of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reason occupation solely because of an illness, injury or disabling pregnancy-related condition.*

8.        Ms. Webster has suffered, and continues to suffer from malignant neoplansm of cerebellum, facial weakness, muscle weakness, lack of coordination, tremors, left side weakness, Sixth (abducent) nerve palsy,  incomitant esotropia, secondary horizontal diplopia, among others.

9.      Ms. Webster has been unable to perform the material duties of her own occupation, or any occupation; Ms. Webster is disabled under the terms of the long- term disability policy.

10.      Ms. Webster was forced to discontinue working on or around January 18, 2016 due to her disabling conditions.

11.      In accordance with the procedures set forth by the long-term disability policy, Ms. Webster notified Defendant that she was disabled.

12.      Defendant acknowledged Ms. Webster's disability and accepted liability by paying long-term disability benefits effective July 18, 2016.

13.      By letter dated January 3, 2018, Defendant terminated Ms. Webster's claim for long-term disability benefits effective January 2, 2018.

14.      By letter dated January 4, 2018 Ms. Webster timely appealed Defendant's decision to terminate her long-term disability benefits.

15.      Defendant denied Ms. Webster's appeal and communicated its decision via letter dated April 17, 2018.

16.      Ms. Webster exhausted her appeals under ERISA.

17.      In terminating Ms. Webster's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18.      The termination of Ms. Webster's disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19.      Defendant's termination of Ms. Webster's long-term disability benefits breached the fiduciary duties owed to Ms. Webster under ERISA. Defendant further failed to

discharge its duties in respect to discretionary claims processing solely in the interests of Ms.

Webster as a participant of the long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated

herein and says further that:

20.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term

disability benefits including prejudgment interest, retroactive to the day benefits were terminated

pursuant to 29 U.S.C. §1132(a)(1)(B).

21.     Plaintiff is entitled to the benefits identified herein because:

    a.   the benefits are permitted benefits under the policy;

    b.   Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.   Plaintiff has not waived or otherwise relinquished her entitlements to the

       benefits.

22.     Defendant has refused to pay the benefits sought by Ms. Webster, ignoring the

medical records and clear opinions of her treating physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated

herein and says further that:

23.     To the extent that Defendant violated any provisions of Subchapter I of Title 29,

Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs

of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24.      As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25.      Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26.      Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cara Webster, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 10th day of July, 2019.*

> BY:   */s/ Bryn Natland*
> Bryn Natland (FBN. 86604)
> bryn@longtermdisability.net
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1205
> Miami, Florida 33134
> Tel: (305) 754-2000
> Fax: (305) 754-2007
>
> *Attorneys for Plaintiff, Cara Webster*